ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 08 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| THE RITZ-CARLTON HOTEL COMPANY OF JAMAICA, LTD., *Petitioner* v. ROSE HALL RESORT, L.P., *Respondent* | Civil Action No. _____ <br> 1:11-CV-1146 <br> CAP |

## PETITION TO CONFIRM INTERNATIONAL ARBITRAL AWARD

The Ritz-Carlton Hotel Company of Jamaica, Ltd. ("Ritz-Carlton"), by and through its counsel, respectfully petitions this Court to confirm an international arbitral award in its favor and against Rose Hall Resort, L.P. ("Rose Hall") pursuant to Section 207 of the Federal Arbitration Act ("FAA"). 9 U.S.C. § 207. In support of its Petition, Ritz-Carlton submits the accompanying memorandum of law and states as follows:

### PARTIES

1. Rose Hall is a Delaware limited partnership formed by Rose Hall Resort Limited (General Partner), a company incorporated under the laws of

Jamaica; LOR, Inc. (Limited Partner), an S-Corporation incorporated in the state of Georgia; and several Preferred Equity Partners. Rose Hall Resort Limited's principal place of business is Montego Bay, Jamaica. LOR Inc.'s principal place of business is Atlanta, Georgia. Rose Hall is the Owner of The Ritz-Carlton Golf & Spa Resort, Rose Hall, Jamaica ("the Resort"), a luxury resort hotel located near Montego Bay, Jamaica.

2. Ritz-Carlton is a Jamaican company with its principal place of business in Montego Bay, Jamaica. Ritz-Carlton is the operator of the Resort owned by Rose Hall.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this proceeding pursuant to 9 U.S.C. § 203.

4. Venue is appropriate in this Court and this Division pursuant to 9 U.S.C. § 204 and LR 3.1.A, NDGa.

## FACTS

5. On July 6, 1998, Rose Hall, as Owner of the Resort, entered into an Operating Agreement with Ritz-Carlton under which Ritz-Carlton would operate the Resort as a Ritz-Carlton branded luxury hotel for an initial period of 25 years in exchange for the payment by Rose Hall of management fees, including both a base fee and an incentive fee. Six side letter agreements between the parties, of the

2

same date, accompanied the Operating Agreement. In accordance with Article IV of the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 *reprinted in* 9 U.S.C. §§ 201-208 (the "New York Convention"), a true and correct copy of the Operating Agreement and accompanying Side Letters is attached as Exhibit A. The Operating Agreement involves property located abroad and envisages performance abroad – specifically, in Rose Hall, Jamaica.

6. The Operating Agreement provided for arbitration of disputes between the parties. Section 13.6 provides for arbitration as follows:

> Except as otherwise specified in this Agreement...any dispute, controversy, or claim arising out of or relating to this Agreement...shall be settled by arbitration in accordance with the Rules of the American Arbitration Association...as are in force on the date when a notice of arbitration is received.
>
> (a) The appointing authority shall be the American Arbitration Association.
>
> (b) The number of arbitrators shall be one unless either party to the arbitration requests otherwise, in which case there shall be three.
>
> (c) The language to be used in the proceedings shall be English.
>
> (d) The place of arbitration shall be Washington, District of Columbia, United States of America.
>
> (e) The decision of the arbitration board shall be final and binding, in accordance with the rules of the American Arbitration Association, upon the parties, and such

>   decision shall be enforceable through any courts having jurisdiction.
>
>   (f) The costs and expenses of arbitration shall be allocated and paid by the parties as determined by the arbitrators.

7. On July 1, 2009, Rose Hall filed a Demand for Arbitration alleging that Ritz-Carlton committed multiple Events of Default under the Operating Agreement and seeking damages. Ritz-Carlton responded by denying that it had committed any Events of Default and asserting counterclaims for breach of the Operating Agreement and duty of good faith and fair dealing and seeking a declaratory judgment regarding Rose Hall's inability to terminate the Operating Agreement.

8. On September 3, 2009, with the arbitration still pending, Rose Hall attempted to terminate the Operating Agreement with Ritz-Carlton based on its assertions of an Event of Default. Ritz-Carlton denied that any Event of Default had occurred and denied that Rose Hall's termination attempt was legally effective. Rose Hall filed a Complaint in the United States District Court for the Northern District of Georgia seeking injunctive relief against Ritz-Carlton, which was subsequently amended to seek an injunction terminating the Operating Agreement. *See Rose Hall Resort, L.P. v. The Ritz-Carlton Hotel Company of Jamaica, Ltd.*, Case No:1 09-CV-2415-CAP. After Ritz-Carlton filed a motion to compel

arbitration and to dismiss for lack of subject matter jurisdiction, Rose Hall voluntarily dismissed its Amended Complaint on September 18, 2009.

9. On the same day that it voluntarily dismissed its federal lawsuit, Rose Hall initiated an action in the Superior Court of Gwinnett County, Georgia, seeking a temporary restraining order and injunctive relief. Ritz-Carlton again moved to compel arbitration. On October 2, 2009, the court denied Rose Hall's request for an emergency temporary restraining order. On October 29, 2009, the court granted Ritz-Carlton's motion to compel arbitration and stayed the action pending arbitration.

10. On October 20, 2009, Rose Hall filed a third lawsuit, this time in the Supreme Court of Judicature of Jamaica, seeking essentially to eject Ritz-Carlton as operator of the Resort. Hearings were held on November 2 and 24, 2009 and March 29, 2010. The Supreme Court of Judicature granted Ritz-Carlton's request to stay Rose Hall's application pending completion of the parties' arbitration proceeding. On April 1, 2010, Rose Hall filed an appeal in the Jamaican Court of Appeals, which remains pending.

11. While the foregoing lawsuits were filed and litigated, the parties proceeded with their arbitration. Because the dispute involved parties from different countries and the arbitration provision did not specify a particular set of rules, the American Arbitration Association considered the matter an international

US2008 2500344.2

arbitration and administered it through the International Centre for Dispute Resolution ("ICDR"), a division of the AAA.

12. The parties were unable to agree on a single arbitrator and jointly selected three arbitrators from a list selected by AAA. The AAA confirmed the appointments of the members to the Tribunal on October 2, 2009.

13. After conducting discovery procedures and receiving extensive written testimony and memorials from the parties, the Tribunal held oral hearings for a total of seven days, commencing October 4, 2010 and ending October 13, 2010. The Tribunal held a supplemental hearing on January 21, 2011. All of the proceedings pertaining to the arbitration were held in Washington, D.C. and the seat of the arbitration is Washington, D.C.

14. On April 1, 2011, the Tribunal issued the Final Award, in which Ritz-Carlton substantially prevailed. In accordance with Article IV of the New York Convention, a true and correct copy of the Final Award is attached as Exhibit B.[1] The Final Award denied all of Rose Hall's claims asserting an Event of Default and awarded Ritz-Carlton the sum of $2,750,000 to reimburse it for fees and costs incurred in connection with the arbitration. The Final Award awarded Ritz-Carlton relief on its counterclaim for a declaratory judgment and denied Ritz-Carlton

---

[1] As part of the parties' arbitration, the parties entered into a Confidentiality Agreement and the Tribunal issued a Protective Order. Certain information designated by the parties as Confidential appears in the Final Award. In an abundance of caution, Ritz-Carlton has redacted such information in the version of the Award attached as Exhibit B and filed the unredacted Final Award under separate cover.

damages in its counterclaims for breach of contract and the duty of good faith and fair dealing. The Final Award included declaratory judgments that (1) Rose Hall may only terminate the Operating Agreement without cause upon compliance with the conditions specified in the Operating Agreement, and that (2) Rose Hall may not terminate the Operating Agreement based on mere allegations of an Event of Default. The only relief awarded to Rose Hall was the sum of $34,000, bearing interest from May 20, 2008, for certain nonmaterial costs of repairs to Resort's Sewage Treatment Plant. *See* Final Award at 66-67.

## CONFIRMATION OF AWARD

15. Chapter 2 of the Federal Arbitration Act ("FAA") incorporates into U.S. law the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 *reprinted in* 9 U.S.C. §§ 201-208.

16. Section 207 of the FAA, 9 U.S.C. § 207, states:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

17. Pursuant to Chapter 2 of the FAA, the Award is subject to the New York Convention. *See* 9 U.S.C. § 202. Further, there are no grounds upon which

to refuse or defer recognition of the Award. Accordingly, the Award is entitled to confirmation by this Court.

18.  Furthermore, this Court should award Ritz-Carlton its attorneys' fees and costs incurred in connection with its petition to confirm the Award because Rose Hall has no legitimate basis to oppose confirmation of the Award.

WHEREFORE, Ritz-Carlton requests that this Court enter a judgment order confirming the Award and ordering that Ritz-Carlton be awarded its attorneys' fees and costs incurred herein, together with such other relief as this Court may deem appropriate.

Respectfully submitted this 8th day of April, 2011.

/s/ A. Stephens Clay

A. Stephens Clay
Georgia Bar No. 129400
John P. Jett
Georgia Bar No. 827033
KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA  30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
sclay@kilpatricktownsend.com
jjett@kilpatricktownsend.com

Of counsel:

David A. Handzo
Lindsay C. Harrison
JENNER & BLOCK LLP
1099 New York Avenue, N.W.
Suite 900
Washington, D.C. 20001
Telephone: 202-639-6865
Facsimile: 202-661-4956

*Counsel for Petitioner*

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Dated: April 8, 2011.

*/s/ John P. Jett*
John P. Jett

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE RITZ-CARLTON HOTEL COMPANY OF JAMAICA, LTD., <br><br>*Petitioner,* <br><br>v. <br><br>ROSE HALL RESORT, L.P., <br><br>*Respondent.* | Civil Action No. _____ |

### [Proposed] ORDER

For the reasons set forth in Petitioner Ritz-Carlton Hotel Company of Jamaica, Ltd.'s Petition to Confirm International Arbitral Award, and accompanying Memorandum in Support, it is hereby

**ORDERED** that the arbitration award entered on April 1, 2011 in favor of Petitioner and against Respondent is **CONFIRMED**. Pursuant to the Federal

Arbitration Act, 9 U.S.C. § 207, that award is made a judgment of this Court and is hereby entered.

_____
JUDGE, UNITED STATES DISTRICT COURT

Prepared by:

_/s/ A. Stephens Clay_

A. Stephens Clay
Georgia Bar No. 129400
John P. Jett
Georgia Bar No. 827033
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA  30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
sclay@kilpatricktownsend.com
jjett@kilpatricktownsend.com

3